UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDUARDO CARBALLO CASTILLO,
and RANULFO BALBUENA MARTINEZ,

        Plaintiffs,

Hon.

Case No.

vs.

ASIAN BUFFET & GRILL INC.,
a Michigan Corporation, and JOHN
DOE I (aka Jimmy), an individual, and
JOHN DOE II, an individual, and JOHN
DOE III, and individual,

        Defendants.
_____/

**AVANTI LAW GROUP, PLLC**
By: Robert Anthony Alvarez (P66954)
Attorneys for Plaintiffs
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
_____/

## PLAINTIFFS' ORIGINAL COMPLAINT

**There is no pending or resolved civil action arising out of the
transaction or occurrence alleged in the complaint.**

NOW COME the Plaintiffs, by and through their attorneys at the Avanti Law Group, PLLC, and in their Original Complaint state as follows:

1. This is a civil action brought on behalf of Plaintiffs, who worked for Defendants during the last three years performing general labor in the State of Michigan. Plaintiffs complain that Defendant failed to pay them the overtime compensation to which they were entitled under the Fair Labor Standards Act(FLSA), 29 U.S.C. §201 et seq.

### PARTIES

2. Plaintiff Eduardo Carballo Castillo is a resident of the County of Muskegon, state of Michigan.

3. Plaintiff Ranulfo Balbuena Martinez is a resident of the County of Muskegon, state of Michigan.

4. Defendant Asian Buffet & Grill, Inc. (hereinafter referred to as "Asian Buffet") is a Michigan Corporation whose principal place of business is located in the city of Muskegon, county of Muskegon, Michigan.

5. Defendant Asian Buffet has been conducting business in the county of Kent since at least 2010.

6. Defendant Asian Buffet is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA.

7. Defendant John Doe I is the manager of Defendant Asian Buffet.

8. Defendant John Doe II is one of the owners of Defendant Asian Buffet.

9. Defendant John Doe III is one of the owners of Defendant Asian Buffet.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

12. Plaintiffs were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

13. Plaintiffs were engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

14. Defendant corporation's annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis.

## GENERAL ALLEGATIONS

15. Defendants offered employment to Plaintiffs which was accepted.

16. Plaintiffs were hired to work in the kitchen doing food preparation, cooking, washing dishes and any other tasks as assigned by Defendants.

17. Plaintiffs began working for Defendants over three years ago.

18. Plaintiff Eduardo began working for Defendants in 2015.

19. Plaintiff Ranulfo began working for Defendants in 2010.

20. Plaintiffs were employed to perform general labor for the Defendant.

21. Plaintiff Ranulfo worked the following schedule:

    a. Tuesday through Thursday and Sunday: 10:00am - 9:30pm

    b. Friday and Saturday: 10:00am - 10:30pm

22. Plaintiff Ranulfo worked (71) seventy-one hours per work week during his employment.

23. Plaintiff Eduardo worked the following schedule:

    a. Monday and Wednesday: 10:00am - 9:30pm

    b. Thursday and Sunday: 10:30am - 9:30pm

    c. Friday: 10:30am - 10:30pm

    d. Saturday: 11:30am - 10:30pm

24. Plaintiff Eduardo worked (68) sixty-eight hours per work week during his employment.

25. When hired, Plaintiffs were each paid $700 to $800 bi-weekly.

26. Eventually Plaintiff Eduardo was paid $1,000 bi-weekly.

27. Plaintiff Ranulfo is currently employed by Defendants and makes $1,150 bi-weekly.

28. Plaintiffs were not paid the minimum wage for all hours worked during their employment with Defendant.

29. Plaintiffs were not paid an overtime rate of time and half of their regular rate for any hours worked in excess of (40) forty hours in a work week during their employment.

30. Defendants John Doe I-III were responsible for the day to day operation of the business and was directly involved in the decisions regarding the work, scheduling and compensation of Plaintiffs.

31. During the period of the parties' employment relationship, Defendants misclassified Plaintiff as an independent contractor and failed to pay overtime at a rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

### COUNT I
### Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

32. Plaintiffs reallege and incorporate herein all previous paragraphs.

33. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

34. At all relevant times, Plaintiffs were "employee[s]" of Defendant as the term is defined under the FLSA.

35. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

36. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

37. Defendants violated the FLSA by failing to pay the Plaintiffs the federally mandated minimum wage for all hours worked as well as failing to pay the federally mandated overtime premium for all hours worked in excess of 40 hours per workweek.

38. Defendants' violations of the FLSA were knowing and willful.

39. By failing to compensate Plaintiffs at a rate not less than the minimum wage for all hours worked and by failing to pay Plaintiffs a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §206(a)(1), § 207(a)(1) and § 215(a).

40. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

41. As a result of Defendants' violation, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. Defendants be ordered to pay Plaintiffs their unpaid wages together with an equal amount in liquidated damages;

C.  Defendants be ordered to pay Plaintiffs' costs and reasonable attorney fees pursuant to the FLSA;

D.  The Court grants such other and further relief as the Court may deem just or equitable.

Dated: February 10, 2017                Respectfully Submitted,

*/s/ Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group, PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

**THIS SPACE IS INTENTIONALLY LEFT BLANK**

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 01-30-17        *Eduardo Corballo*
                      Eduardo Castillo Carballo

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 01/30/2017      _____
                      Ranulfo Balbuena Martinez