UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDUARDO CARBALLO CASTILLO, et al.,

                Plaintiffs,

vs.

1750 ASIAN BUFFET INC., et al.,

                Defendants.

CASE NO. 1:17-cv-0137

HON. PAUL L. MALONEY

| | |
|---|---|
| Robert Anthony Alvarez (P66954)<br>Agustin Henriquez (P79589)<br>AVANTI LAW GROUP, PLLC<br>*Attorneys for Plaintiffs*<br>600 28th Street SW<br>Wyoming, MI 49509<br>(616) 257-6807 | Krista A. Jackson (P66303)<br>SMITH HAUGHEY RICE & ROEGGE<br>*Attorney for Defendants*<br>*1750 Asian Buffet, Chen and Zheng*<br>100 Monroe Center NW<br>Grand Rapids, MI 49503<br>(616) 458-3633 |
| | Rebecca L. Strauss (P64796)<br>Neil J. Marchand (P73118)<br>MILLER JOHNSON<br>*Attorney for Defendant*<br>*Fujiya Buffet and Grill, Inc.*<br>Radisson Plaza Hotel & Suites<br>100 West Michigan Avenue, Suite 200<br>Kalamazoo, MI 49007 |

**JOINT MOTION TO RE-OPEN CASE, FOR APPROVAL
OF SETTLEMENT AGREEMENT, AND TO DISMISS THE CASE WITH PREJUDICE**

The Parties, through their counsel, hereby file this Joint Motion to Re-Open Case,

for approval of the Settlement Agreement, and to Dismiss the Case with Prejudice ("Joint Motion

for Approval of Settlement").  This Joint Motion for Approval of Settlement is filed on behalf of

all Defendants and all Plaintiffs (the "Parties").  Because Plaintiffs have asserted claims under the

Fair Labor Standards Act ("FLSA"), the Parties' Settlement Agreement requires the Court's approval.

## FACTUAL BACKGROUND

The Complaint was filed on February 10, 2017, asserting claims for unpaid wages and overtime under the FLSA.  Later, additional plaintiffs joined the lawsuit and claims under the Michigan Workforce Opportunity Wage Act ("WOWA").  In brief, the claims subject to the Settlement Agreement are as follows:

In Count I, Plaintiffs allege that Defendants violated the FLSA by failing to pay Plaintiffs the minimum wage and proper overtime rate.  Specifically, Plaintiffs allege that they were paid a biweekly salary that did not change regardless of how many hours they worked.  Plaintiffs allege that as a result of this practice, they did not receive the federally mandated minimum wage, and they were not paid one and one half times their regular hourly rate during weeks in which they worked more than 40 hours.  Plaintiffs seek their alleged unpaid wages, liquidated damages, costs, and reasonable attorneys' fees.

In Count II, Plaintiffs allege that Defendants violated WOWA by not paying Plaintiffs the Michigan minimum wage for all hours worked.  Plaintiffs seek their unpaid minimum wages, an equal amount in liquidated damages, costs, and reasonable attorneys' fees.

Defendants deny Plaintiffs' claims that they did not receive the proper federal or state minimum wage or overtime rates.  Defendants deny that Plaintiffs are entitled to additional compensation or overtime pay under the FLSA or WOWA.  Defendant Fujiya Buffet and Grill, Inc. ("Fujiya") further denies that any of the Plaintiffs worked for Fujiya, or that Fujiya is part of a "common enterprise," "single enterprise," or "common business purpose" with any of the other Defendants.

To avoid the costs, delays, and uncertainties of litigation, the Parties have negotiated a settlement of all claims in this matter, as well as a general release of claims, which includes a fair resolution of the Plaintiffs' FLSA claims (the "Settlement Agreement"). The Parties have allocated separate and distinct sums of money for the settlement of the claims Plaintiffs raised in this lawsuit and for Plaintiffs' general release of claims against the Defendants.

The global Settlement Agreement is attached to the Judge's copy of this Motion. The Parties will execute the Settlement Agreement after the Court approves it.

## MEMORANDUM OF LAW

### 1. Re-Opening the Case

On September 27, 2019, the Court issued an Order Administratively Closing Case (PageID.1502-1503). The Order states that if the parties do not submit appropriate closing documents with the Court by 5:00 p.m. on September 30, 2019, this matter shall be stayed and closed. The Order further states: "either party may file a motion to reopen this case in order to facilitate approval of the settlement agreement. Any such motion need only refer to this order and it will be granted." The parties hereby refer to the Order at PageID.1502-1503 and move to reopen the case in order to facilitate approval of the settlement agreement.

### 2. Approving the Settlement Agreement

Claims for unpaid wages arising under the FLSA may be settled only with the approval of the District Court or the Department of Labor. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982). If a settlement of a Plaintiff's FLSA suit is a fair resolution of the issues, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether to approve a settlement agreement, the reviewing Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* Courts therefore consider the following factors: (1)

3

the existence of fraud or collusion behind the settlement; (2) the complexity, expense and lengthy duration of the litigation; (3) the state of the proceedings; (4) the probability of Plaintiff's success on the merits; and (5) the range of possible recovery. *Leverso v. Lieberman*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The inclusion of a general release of claims within the same settlement agreement will typically not bar the Court's approval if a separate sum is allocated for the general release. See, e.g.*, Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1178–79 (S.D. Cal. 2016).

The Parties request that the Court approve the Settlement Agreement because it constitutes a fair and reasonable resolution to this dispute. The Parties have entered into the Settlement Agreement pursuant to an arms-length negotiation between their respective counsel, not as the product of fraud or collusion. Further, the complexity, expense, and time associated with litigating this matter militates in favor of this settlement. The litigation of the legal and factual issues underlying this dispute have already required significant time and expense for all parties, and will continue to do so if litigation drags on.

With respect to the probability of success and the range of possible recovery, the Parties acknowledge that their respective positions are complicated and uncertain due to numerous factual disputes and legal theories, and that continued discovery and motion practice would likely result in significant attorneys' fees. The mere fact that the Parties remain in the discovery phase of litigation more than two and one half years after commencement of the action attests to the complicated nature of this case and the likelihood of significant additional costs and attorneys' fees if this litigation continues. Although Plaintiffs believe additional discovery would aid in proving Plaintiffs' positions, Plaintiffs' likelihood of success on the merits and the amount they would be awarded is uncertain, further evidencing that this settlement is fair and appropriate.

4

Defendants dispute that they failed to pay Plaintiffs the proper straight time or overtime rates, or that they otherwise violated the FLSA, WOWA, or any other applicable federal or state law or regulation. Defendants contend that Plaintiffs will be unable to prevail on their state or federal claims.

The consideration to be paid under the Settlement Agreement has been allocated among the Plaintiffs (and among the claims) based on Plaintiffs' counsel's determination of the relative strengths of each claim, in a manner approved by the Plaintiffs and their attorneys. Moreover, the attorneys' fees to be paid under the Settlement Agreement are reasonable and appropriate in light of the time spent by Plaintiffs' counsel for their work on behalf of the Plaintiffs in obtaining this outcome. Separate consideration has also been allocated for the general release contained in the Settlement Agreement.

## CONCLUSION

For the reasons stated above, the parties request that the Court enter an Order (1) re-opening the case to facilitate approval of the Settlement Agreement; (2) approving the Settlement Agreement and (3) dismissing the entire action with prejudice.

Respectfully submitted,

**Robert Anthony Alvarez (P66954)**
**Agustin Henriquez (P79589)**
**AVANTI LAW GROUP, PLLC**
*Attorneys for Plaintiffs*

  */s/ Robert Anthony Alvarez*

Date: October 18, 2019

**Krista A. Jackson (P66303)**
**SMITH HAUGHEY RICE & ROEGGE**
*Attorney for Defendants 1750 Asian Buffet,*
*Chen and Zheng*

  */s/ Krista A. Jackson*

Date: October 18, 2019

5

**Rebecca L. Strauss (P64796)**
**Neil J. Marchand (P73118)**
**MILLER JOHNSON**
*Attorneys for Defendant*
*Fujiya Buffet and Grill, Inc.*

  */s/ Rebecca L. Strauss*

Date: October 18, 2019

6

MJ_DMS 31064839v2 46316-1