UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDUARDO CARBALLO CASTILLO, *et al.*,  )
               Plaintiffs,  )
                                                  )
                                                  )      No. 1:17-cv-137
-v-                                                   )
                                                  )      Honorable Paul L. Maloney
1750 ASIAN BUFFET, INC., *et al.*,  )
               Defendants.  )
                                                  )

## ORDER DENYING WITHOUT PREJUDICE REQUEST TO APPROVE SETTLEMENT

    Plaintiffs allege various restaurants and individuals associated with the restaurants are an enterprise which violated the Fair Labor Standards Act (FLSA). The parties reached a tentative settlement and asked the Court to approve the agreement. (ECF No. 145.) The Court directed the parties to submit a justification for the confidentiality provisions in the settlement agreement. (ECF No. 146.) Having reviewed the response, the Court will deny, without prejudice, the request to approve the settlement agreement.

    District courts review FLSA settlements for fairness and to determine whether the settlement is a reasonable resolution of a bona fide FLSA dispute.[1] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The decision to approve a proposed settlement agreement falls within the district court's discretion. *Rodrigues v. CNP Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). Within this circuit, district courts have found

---

[1] Not every circuit requires court approval of FLSA settlements and the Sixth Circuit has not yet decided whether court approval is required. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1025 (W.D. Tenn. 2016).

that confidentiality provisions in FLSA settlement agreements "contravenes the legislative purpose of FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Steele*, 172 F. Supp. 3d at 1031 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)). More broadly than the FLSA context, the Sixth Circuit recently reinforced the long-recognized presumption in favor of the openness of court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). The party seeking non-disclosure bears a "heavy burden" and requires the party to provide "the most compelling reasons." *Id.* In particular, where members of the public would have a stake in the outcome, the court must apply the standard "with particular strictness." *Id.* (citation omitted). District courts must make specific factual findings to justify nondisclosure and the decision to seal must be narrowly tailored. *Id.* at 305-06.

The parties offer several justifications, all of which boil down to a single argument. Defendants would be reluctant to settle if they are not protected from other employees bringing similar claims. Defendants reason that they simply want to settle the case because of the increasing costs of litigation. Defendants do not admit liability. One of the Defendants claims not to be part of the alleged enterprise altogether. From this premise—Defendants want to avoid copycat lawsuits—the parties argue that confidentiality (1) in Plaintiffs' interest, (2) protects Defendants, and (3) does not advance the purpose of the FLSA because one defendant does not believe it is liable.

The parties have not provided the "compelling reasons" required by the Sixth Circuit which are necessary to overcome the presumption of openness in court records. More to

the point, one of the cases the parties cite in their response the Court's order *rejects* the very arguments the parties advance as a justification for confidentiality in FLSA cases. *See Green v. Hepaco, LLC*, No. 2:13cv2496, 2014 WL 2624900, at *4-*5 (W.D. Tenn. June 12, 2014).

In addition to the confidentiality provision, the Court has concerns about the broad release contained in paragraph 3 of the proposed agreement. The release extends to all Defendants and anyone associated with them and covers all claims and causes of action which the plaintiffs might have against defendants up to the date of the agreement. District courts have been reluctant to approve FLSA settlements that contain broad release provisions. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). These pervasive releases are inconsistent with the purposes of the FLSA. "Put simply, in order to be compensated consistent with the FLSA, an employee cannot be compelled to surrender other rights, for doing so undermines the fundamental mandatory nature of the minimum wage and overtime protections of the Act by enabling an employer to extract a price for simply doing what the Act requires." *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1289 (N.D. Ala. 2014.) Courts have approved release provisions that are limited to wage and hour claims asserted in the lawsuit, and where the plaintiffs are paid a separate and additional sum for the broad release. *See, e.g., Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp.3d 1164, 1178-79 (S.D. Cal. 2016).

For these reasons, the Court is unwilling to approve the proposed settlement agreement. (ECF No. 145.) The parties are free to resubmit a proposed settlement agreement that drastically limits the duration of the confidentiality provision and also limits the scope of the release.

**IT IS SO ORDERED.**

Date:  November 20, 2019                                        /s/ Paul L. Maloney  
                                                                                                  Paul L. Maloney  
                                                                                                  United States District Judge